# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK DEHAVEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-380-JFC |
| | ) | |
| v. | ) | |
| | ) | Chief District Judge Joy Flowers Conti |
| PLANET HOME LENDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CONTI, Chief District Judge.

### I. Introduction

In this civil action, *pro se* plaintiff Mark Dehaven ("Dehaven" or "plaintiff") alleges that defendant Planet Home Lending, LLC ("Planet" or "defendant") violated numerous federal and state statutes in the course of attempting to foreclose on plaintiff's real property. Plaintiff asserts violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692a(5) (Count I), the Fair Credit Reporting Act ("FCPA"), 15 U.S.C. § 1618 *et seq*. (Count II), Article 3 of the Pennsylvania Uniform Commercial Code, 13 PA. CONS. STAT. § 3104 (Count III), the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PA. CONS. STAT. § 201-1 *et seq*. (Count IV), as well as state common law claims of wrongful foreclosure (Count V) and negligence (Count VI). Each of plaintiff's allegations stem from his belief that defendant is not the owner of plaintiff's mortgage and, as such, cannot properly foreclose on the property.

Presently pending before the court is defendant's motion to dismiss for failure to state a claim (ECF No. 5) and plaintiff's response thereto. (ECF No. 7.) This court has jurisdiction

1

pursuant to 28 U.S.C. § 1331. For the reasons that follow, defendant's motion to dismiss will be granted.

## II. **Factual Background**

Because Dehaven is proceeding *pro se*, the factual allegations in his amended complaint are to be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Dehaven is the owner of property located at 149 Hemlock Drive in Canonsburg, Pennsylvania. (ECF No. 1-2 ¶ 5.) On or about December 5, 2014, Dehaven received a Notice of Intent to Foreclose from defendant stating that Dehaven was in default for failure to make monthly payments beginning with the payment due on February 1, 2014. (*Id*. ¶ 18; ECF No. 5-1 ¶ 13.)[1] On February 4, 2015, defendant filed a Complaint in Mortgage Foreclosure against plaintiff in the Court of Common Pleas of Washington County due to plaintiff's alleged default. (ECF No. 5-1.) Plaintiff responded by filing the instant lawsuit challenging defendant's standing to bring such an action.

Two mortgages on the Hemlock Drive property are pertinent to this dispute. The first mortgage was executed on July 25, 2005, between plaintiff and Howard Hanna Mortgage Service (the "Howard Hanna Mortgage"). (ECF No. 1-2 ¶ 7; ECF No. 1-2 at 29.)[2] That mortgage, recorded on August 2, 2005, is described in title insurance documents as a

---

[1] In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Each of the documents attached to defendant's motion to dismiss is explicitly referenced in the complaint and thus may be considered by the court without converting the instant motion into a motion for summary judgment. See, e.g., West Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010).

[2] Although plaintiff attached a number of documents to his complaint, many of those documents are unlabeled, out of order, and incomplete. The court will pinpoint specific portions of those documents by reference to their ECF page number, where necessary.

"MORTGAGE FROM MARK DEHAVEN TO HOWARD HANNA MORTGAGE SERVICES, DATED JULY 25, 2005 AND RECORDED IN THE RECORDER'S OFFICE OF WASHINGTON COUNTY, PENNSYLVANIA, AT INSTRUMENT NO. 200522795, IN THE AMOUNT OF $280,000.00." (ECF No. 1-2 at 29.) Plaintiff also attached a copy of a Mortgage Release, Satisfaction, and Discharge (the "Satisfaction") for the Howard Hanna Mortgage, executed on May 28, 2010, and recorded in the Office of the Recorder of Deeds of Washington County as Instrument No. 201017997. (*Id*. at 47.) The Satisfaction indicates that the original mortgagee on the Howard Hanna Mortgage is Mortgage Electronic Registration Systems, Inc. ("MERS") "AS NOMINEE FOR HOWARD HANNA MORTGAGE SERVICES." (*Id*.) Consistent with the Satisfaction, the copy of the Howard Hanna Mortgage document attached to plaintiff's complaint is stamped "PAID IN FULL." (*Id*. at 32.) The name "Planet" or "Planet Home Lending" does not appear on any of those documents.

The second mortgage note referenced in plaintiff's complaint was executed on May 9, 2011, between plaintiff and Residential Mortgage Solutions, Inc., in the amount of $328,997.00. (ECF No. 5-1, Ex. A.) That note (the "Planet Note") was secured by a mortgage (the "Planet Mortgage") executed between Dehaven and MERS, as nominee for Residential Mortgage Solutions, and recorded in the Office of the Recorder of Deeds of Washington County, Pennsylvania, as Instrument No. 201114459. (*Id*.) MERS subsequently assigned its rights in the Planet Note and Mortgage to defendant on July 7, 2014, and the assignment was recorded with the Washington County Recorder of Deeds as Instrument No. 201422700. (ECF No. 5-1, Ex. C.) The Planet Mortgage formed the subject of the foreclosure action instituted by defendant against plaintiff on February 4, 2015. (ECF No. 5-1, Ex. A.)

**III. Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994). Under the 12(b)(6) standard, a "court need not ... accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Scicchitano v. Uniontown Police Dept.*, No. 15-1163, 2015 WL 7009512, *2 (W.D. Pa. Nov. 12, 2015) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by*, 275 F.3d 1187 (9th Cir. 2001)).

While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

4

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. … Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (*quoting Twombly*, 550 U.S. at 556–57) (internal citation omitted).

Two working principles underlie *Twombly*. *Iqbal,* 556 U.S. at 678. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Twombly*, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting Fed R. Civ. P. 8(a)(2)).

In this case, plaintiff is proceeding without the benefit of legal counsel. *Pro se* plaintiffs are held to a less stringent standard than individuals who are represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("*[P]ro se* litigants are held to a lesser pleading standard than other parties."). Nevertheless, for Rule 12(b)(6) purposes, "a *pro se* complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Salley v. Sec'y Pa. Dep't of Corr.,* 565 F. App'x 77, 81 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678); *see Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)

("[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*.").

## IV. Discussion

Plaintiff's claims appear to be based entirely on a misunderstanding of the foreclosure action and the pertinent loan documents. Throughout his complaint, plaintiff incorrectly characterizes the foreclosure action as an attempt by defendant to foreclose on the 2005 Howard Hanna Mortgage. Plaintiff notes that a search performed on Howard Hanna's website indicates that the Howard Hanna Mortgage is still owned by Howard Hanna, not Planet. (*Id.* ¶ 12.) Plaintiff devotes the bulk of his complaint to allegations that defendant falsely represented itself as either a purchaser of the Howard Hanna Mortgage, a servicer of the Howard Hanna Mortgage, or an assignee of the Howard Hanna Mortgage. (*Id.* ¶¶ 17, 19.) Plaintiff concludes that defendant is attempting to defraud him by initiating a foreclosure action with respect to a mortgage that it does not own. (*Id.* ¶ 22.) Plaintiff asserts that the foreclosure action violates various debt collection statutes because Planet does not have a right to collect the debt. (*Id.* ¶¶ 40, 42-46.)

Plaintiff's allegations each fail for a simple reason: the foreclosure action initiated by defendant is based on the Planet Mortgage, rather than the Howard Hanna Mortgage. (*See* ECF No. 5-1 ¶¶ 4-7.) There is no question that the two mortgages are distinct. The first, executed in 2005, lists the mortgage amount as $280,000.00 and names Howard Hanna as the mortgagee. (ECF No. 1-2 at 29, 32, 47.) The second, executed in 2011, provides for a different loan amount – $328,997.00 – and lists Residential Mortgage Solutions as the mortgagee. (ECF No. 5-1, Ex. A.) The terms of the two mortgages are also different. For example, the Howard Hanna Mortgage required plaintiff to purchase private mortgage insurance while the Planet Mortgage

6

did not.  (ECF No. 1-2 ¶ 8; ECF No. 5-1, Ex. A ¶5.)  Finally, as noted above, the Howard Hanna Mortgage was paid off in full in 2010.  (ECF No 1-2 at 32.)

Plaintiff's exhibits refute any possibility that defendant ever owned or had any other connection with the Howard Hanna Mortgage.  Defendant's name is completely absent from both the Howard Hanna Mortgage documents and the Satisfaction, each of which lists the mortgagee as Howard Hanna (or as MERS as assignee of Howard Hanna).  (*Id.* at 29-51.)  Based upon plaintiff's own exhibits, it is evident that Howard Hanna retained ownership throughout the life of that mortgage.   It is equally evident that defendant is the proper owner of the Planet Mortgage on which the foreclosure action is based.  (ECF No. 5-1, Ex. A, B, C.)

Each of plaintiff's allegations in his complaint is based on this critical misunderstanding.  For example, his claims that defendant is attempting to foreclose on a loan that it does not own – the Howard Hanna Mortgage – are entirely misdirected; after all, defendant is not attempting to foreclose on that loan at all.  (*See* ECF No. 1-2 ¶¶54-57 (Count I); ¶¶ 66-70 (Count III); ¶¶ 73-75 (Count IV); ¶¶ 82-87 (Count V); ¶¶ 89-91 (Count VI).)   Similarly, plaintiff's allegation that defendant is engaged in improper debt collection overlooks the fact that defendant is attempting to enforce the terms of the Planet Mortgage, which it owns, rather than the Howard Hanna Mortgage, which it does not.  (See *id*. ¶¶54-57 (Count I); ¶ 62 (Count II).)

Based upon the foregoing discussion, which refers, among other things, to the documents that were explicitly referenced in the complaint, the court concludes that plaintiff failed to allege any facts from which an inference might be drawn that defendant is attempting to foreclose on a mortgage that it does not own or collect a debt that is not owed.  As such, defendant's motion to dismiss will be granted.

V. **Conclusion**

Based on the foregoing considerations, defendants' motion to dismiss (ECF No. 5) is granted and this action is dismissed, without prejudice. Plaintiff may attempt to remedy the aforementioned pleading deficiencies by filing an amended complaint, if factually warranted, within twenty days of the entry of the order accompanying this memorandum opinion. Failure to do so will result in the dismissal being with prejudice.

An appropriate order follows.

<u>/s/ JOY FLOWERS CONTI</u>
Joy Flowers Conti
Chief United States District Judge

Dated: February 22, 2016